UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ISAAC MARTINEZ,<br><br>          Petitioner,<br><br>    v.<br><br>S. HUBBARD,<br><br>          Respondent. | No. CV 11-5640-JAK (PLA)<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the magistrate judge's report and recommendation. The Court accepts the recommendations of the magistrate judge.[1]

---

[1] The Court notes that in a related federal habeas case involving petitioner's co-defendant, Juan Solis v. Susan L. Hubbard, 11-CV-3859-JAK (PLA), a stay was recently issued to allow Solis to present a sentencing claim in state court. Specifically, Solis seeks state habeas relief under People v. Gutierrez, 58 Cal.4th 1354, 171 Cal.Rptr.3d 421 (2014), with respect to his sentence of life without the possibility of parole ("LWOP"). (See Case No. 11-CV-3859-JAK (PLA), Docket No. 41).

In 2014, the California Supreme Court in Gutierrez held that Section 190.5(b) of the California Penal Code gives a sentencing court the discretion to impose either LWOP or a term of 25 years to life on a 16- or 17- year-old juvenile convicted of special circumstance murder, with no presumption in favor of LWOP. 58 Cal.4th at 1387. The Gutierrez court disapproved People v. Guinn, 28 Cal.App.4th 1130, 33 Cal.Rptr.2d 791 (Cal.App. 4 Dist. 1994), in which the California Court of Appeal had interpreted Section 190.5(b) to mean "that 16 or 17-year-olds who commit

ACCORDINGLY, IT IS ORDERED:

1. The report and recommendation is accepted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 2/3/16

                    HONORABLE JOHN A. KRONSTADT
                    UNITED STATES DISTRICT JUDGE

---

special circumstance murder *must* be sentenced to LWOP, *unless* the court, in its discretion, finds good reason to choose the less severe sentence of 25 years to life." 28 Cal.App.4th at 1141 (emphasis in original). The Gutierrez court concluded that a presumption of LWOP as stated in Guinn would raise serious constitutional concerns in light of Miller v. Alabama, __ U.S. __, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), in which the Supreme Court held that the Eighth Amendment forbids a sentencing statute that requires a sentence of LWOP for juvenile offenders. See also Montgomery v. Louisiana, __ U.S. __, 2016 WL 280758 (U.S. Jan. 25, 2016) (holding that Miller v. Alabama announced a new substantive constitutional rule that was retroactive on state habeas review).

    The Court notes that, like his co-defendant Juan Solis, petitioner was sentenced to LWOP after being convicted as a juvenile of two counts of special circumstance murder. The record reflects that the sentencing judge cited Guinn when imposing the LWOP sentences for petitioner and Solis. (Reporter's Transcript at 3310-13). Petitioner did not attempt to amend his Petition to add a sentencing claim challenging his LWOP sentence pursuant to Gutierrez and/or Miller. **Judgment in this matter, however, does not prevent petitioner from filing a habeas petition in the California courts that challenges his LWOP sentence under Gutierrez, Miller, and Montgomery.**